# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANGELA NICHOLE MOSLEY,<br><br>    *Defendant.* | CRIMINAL ACTION NO.<br>3:24-cr-00021-TES-CHW-2 |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Angela Nichole Mosley's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 26]. Trial is currently set to begin during the August 11, 2025, trial term, and the Government does not oppose another continuance. [*Id.*]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On June 11, 2024, the Government obtained an indictment [Doc. 1] charging Defendant Mosley with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 1]. On April 2, 2025, Defendant Mosley was arraigned and ordered detained pending trial. [Docs. 12, 15].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In her Motion, Defendant Mosley requests another continuance "to allow additional time . . . to be transported back to Hall County[,] Georgia[,] to enter a plea in her pending state case which will resolve this case by the government filing a motion to dismiss the indictment filed in the instant case." [Doc. 26, p. 2].

Because it appears that Defendant Mosley and the Government have entered into a plea agreement to be considered in her pending state case, the Court **GRANTS**

2

Defendant Mosley's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 26]. 18 U.S.C. § 3161(h)(1)(G). The Court **CONTINUES** this case to September 22, 2025. The ends of justice served by this continuance outweigh the best interests of the public and Defendant Mosley in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for excusable delay. *See* [Doc. 26, p. 2]. The pretrial conference set for July 8, 2025, is canceled, and the Court will reschedule a pretrial conference at a later date.

      **SO ORDERED**, this 3rd day of July, 2025.

                                              S/ Tilman E. Self, III
                                              **TILMAN E. SELF, III, JUDGE**
                                              **UNITED STATES DISTRICT COURT**